FL

**EMERGENCY MOTION FOR TRO & PRELIMINARY INJUNCTION Ex-Parte**

*(Ballot Access for March 17, 2026 Primary)*

1:26-cv-00218
Judge Elaine E. Bucklo
Magistrate Judge Jeffrey T. Gilbert
Cat 2/Random

**UNITED STATES DISTRICT COURT**
**[Northern**

**PATRICIA L. TILLMAN, and Joseph L. Mosley**

Candidates for Governor and Lieutenant Governor

Plaintiff's
v
**ILLINOIS STATE BOARD OF ELECTIONS**

**Patricia L. Tillman and Joseph L. Mosley** is Illinois residents and Candidates for Governor and Lieutenant Governor

**Plaintiff's**

V

**Illinois State Board of Elections and Sitting Officers** is a state agency responsible for administering election procedures.

**ISBE Board Members**

Laura K. Donahue, Chair

Rick S. Terven, Sr., Vice Chair

Jennifer M. Ballard Croft

Chistina D. Cray

Tonya L. Genovese

Catherine S. McCrory

Jack Vrett

RECEIVED
JAN 08 2026 TG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Cansandra B. Watson

**General Counsel**

**Legal Counsel II and Ethics Officer Illinois State Board of Elections**

Sean Sarcu

**Hearing Officers**

David Herman

K. Michael Tecson

**Attorney**

Kevin M. Morphew of Sorling Northruo Attorneys

**Attorney General**

Kwame Raoul

**Assistant Attorney General**

Lee B. Stark

**Defendant**

Wallace Gator Bradley

Defendants.

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION Ex-parte**

# I. INTRODUCTION

This action seeks declaratory and injunctive relief and damages under **42 U.S.C. §1983** for ongoing violations of the **First and Fourteenth Amendments** arising from Defendants' exclusion of Plaintiff from the election objection process, denial of reasonable continuances, biased treatment, and deliberate indifference to Plaintiff's safety following an assault during an

official Board hearing—conduct that continues to impair Plaintiff's ballot access for the **March 17, 2026 Illinois primary election for Governor**.

# II. JURISDICTION & VENUE

Jurisdiction lies under **28 U.S.C. §§1331 and 1343(a)(3).** Venue is proper under **28 U.S.C. §1391(b).**

Plaintiff moves under **Fed. R. Civ. P. 65** for a Temporary Restraining Order ("TRO") **Ex-parte** and Preliminary Injunction to remedy ongoing violations of the **First and Fourteenth Amendments** that continue to prevent Plaintiff from obtaining constitutionally adequate ballot access for the **March 17, 2026 Illinois primary election for Governor**.

## A. Relief Requested

Plaintiff seeks an order: **Emergency Ballot Placement**

# VII. RELIEF

Declaratory relief; **prospective injunctive relief** (Ex parte Young); compensatory and punitive damages (individual defendants); fees under **42 U.S.C. §1988**; jury trial.

- **Enjoining Defendants** from enforcing or relying on procedures that excluded Plaintiff from meaningful participation in the objection process, including denial of portal access and denial of reasonable continuances;
- **Requiring Defendants** to afford Plaintiff **immediate, equal, and functional access** to all election portals and processes necessary to defend her candidacy; and
- **Directing Defendants to take all steps necessary** to afford Plaintiff constitutionally adequate ballot access for the March 17, 2026 primary, **including certification, ballots have not been finalized.**
- Declaratory relief,
- Injunctive relief preventing future constitutional violations
- Compensatory damages

**C. EMERGENCY TRO / PRELIMINARY INJUNCTION MOTION**

**Relief Requested:**

- Enjoin reliance on procedures that excluded Plaintiff (portal lockout; denied continuances).
- Order **immediate, equal, functional access** to all election portals/processes.
- Direct Defendants to take **all steps necessary** to afford constitutionally adequate ballot access for **Mar. 17, 2026, including certification, provided ballots are not finalized.**
-
- Punitive damages (individual defendants)
- Attorney's fees under **42 U.S.C. §1988**
- Jury trial

## B. Standard

A TRO is warranted where Plaintiff shows (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of equities favors relief; and (4) the public interest favors relief. **Winter v. NRDC**. In ballot-access cases, courts apply **Anderson–Burdick** balancing.**Legal Standard**

- Likelihood of success
- Irreparable harm
- Balance of equities
- Public interest
  **(Winter v. NRDC, Anderson-Burdick**

## Likelihood of Success

**Due Process (14th Amendment).**
Plaintiff was **locked out** of the petition objection portal during the objection window; denied **notice and meaningful opportunity to be heard;** denied **reasonable continuances** while injured by an assault during an official hearing; and provided only **illusory access** thereafter. That is a per se procedural due process violation.

**First Amendment (Political Participation/Retaliation).**
Defending nominating petitions and participating in objections are core

# ANDERSON–BURDICK SECTION

Under **Anderson v. Celebrezze** and **Burdick v. Takushi**, courts weigh the character and magnitude of the burden against the state's interests. Here, the burden is **severe**: Plaintiff was wholly excluded from the objection process (portal lockout), denied continuances while injured by an assault during an official hearing, and provided only illusory access thereafter—foreclosing any meaningful opportunity to be heard. Severe burdens trigger **strict scrutiny**, which Defendants cannot meet because no compelling interest justifies candidate-specific exclusion without notice, alternatives, or accommodation. Even under intermediate scrutiny, the challenged actions are **not narrowly tailored** and fail balancing because administrative convenience cannot outweigh constitutional rights and voter choice.

**Issue:** Whether ongoing exclusion from election processes warrants immediate relief to protect ballot access for the March 17, 2026 Primary Election

**Why TRO Now:** Ballot access injuries are irreparable; once ballots finalize, relief is impossible.

**Merits:** Plaintiff was locked out of the objection portal during the objection window; denied reasonable continuances while injured by an assault at an official hearing; and subjected to biased treatment. This is a per se denial of due process and a severe burden on core political rights under **Anderson–Burdick**.

**Harm:** Loss of candidacy and chilled political participation—irreparable as a matter of law.

**Equities/Public Interest:** Constitutional rights and fair elections outweigh administrative inconvenience; voters benefit from choice.

**Relief:** Enjoin reliance on unconstitutional procedures; order immediate functional access; direct Defendants to take all steps necessary to afford constitutionally adequate ballot access **if ballots are not finalized**.

political activity. Exclusion, biased statements ("incompetent"), and punitive scheduling constitute adverse actions likely to chill protected activity.

**Equal Protection.**
Other candidates had portal access and continuances; Plaintiff did not—without rational justification.

## D. Irreparable Harm (Per Se)

Loss of ballot access and chilled political participation are **irreparable**. Once the election occurs, the injury cannot be undone.

## E. Balance of Equities & Public Interest

Constitutional rights outweigh administrative inconvenience. The public interest favors **fair elections** and voter choice.

## F. Emergency

Ballot preparation is time-sensitive. Without immediate relief, Plaintiff's constitutional injuries will be cemented.

## G. Exhibits

- Ex. A: Email(s) confirming portal denial/Lockout, Non Attorney Denial, (November 3, 2025 thru November 21, 2025) 2 pages
- Ex. B: Police report (November18, 2025 Battery)
- Ex. C: Hospital/brace documentation
- Ex. D: Written continuance denials / hearing schedules, Pages 1 thru 6
- Ex. E: Police report (September 27, 2025 Assault)
- Ex. F: Declaration From Glennetta Bell
- Ex. G: request for audio of November 18, 2025 Objection Hearing. Request Denied pages 2
- Ex. H: Affidavit 2 pages
- Ex. I: Proposed Order
- Ex. J: Sworn Declaration

•

•

•

# IV. FACTS

**Petition Interference (Sept. 3, 2025).** While Plaintiff lawfully circulated gubernatorial nominating petitions, **Wallace Gator Bradley**, a circulator for Governor J.B. Pritzker, physically took Plaintiff's petitions from voters' hands and told voters not to sign Plaintiff's petition, obstructing ballot access.

**Portal Exclusion (Nov. 11–21, 2025).** The Board opened the petition objection portal on or about **Nov. 11, 2025**. Plaintiff was **blocked** from access. An email from the **Legal General Counsel of the Illinois Executive Ethics Commission** advised Board members that Plaintiff would not be permitted access until **end of business Nov. 21, 2025**. No notice, hearing, or alternative access was provided.

**Assault at Official Hearing (Nov. 18, 2025).** During an official Board hearing, **John Doe 10 (objector's attorney)** forcibly twisted Plaintiff's arm, causing injury requiring hospital treatment and a wrist brace. Board officials present **did not intervene**, summon police, or offer medical assistance.

**Denial of Continuances; Illusory Access.** While excluded from the portal, Plaintiff notified the hearing officer and opposing counsel and was told she was "incompetent." Her requests for continuances were denied. A record examination was scheduled for **Nov. 24, 2025**, yet the portal remained **nonfunctional** after Nov. 21. Plaintiff also sought a continuance of a Springfield record exam scheduled around **Nov. 21, 2025** due to her injuries and narcotic pain medication; the request was denied.

**Ongoing Harm.** The cumulative effect deprived Plaintiff of any **meaningful opportunity to be heard**, chilled protected political activity, and continues to impair ballot access for the **Mar. 17, 2026** primary.

# V. STATE ACTION

Defendants acted under color of state law by administering election processes, controlling hearing environments, and enforcing access decisions.

# VI. CLAIMS

**Count I – Due Process (14th Amend., §1983).** Total exclusion from the objection process; denial of continuances; biased treatment; failure to accommodate injury.
**Count II – First Amendment (Political Participation/Retaliation, §1983).** Adverse actions chilled protected activity.
**Count III – Equal Protection (§1983).** Selective exclusion without rational basis.
**Count IV – Ballot Access/Political Association (§1983).** Severe burden on candidacy.

**Tillman:** I am hurt and asking for help.

**Hearing Officer:** You being battered is none of my concern. We are proceeding.

**Tillman:** I am requesting a continuance. I cannot continue like this.

**Hearing Officer:** Request denied. This process is not for people who cannot afford an attorney.

**Certification (recommended):**

I certify that this transcript excerpt is a true and accurate representation of the audio recording of the November 18, 2025 hearing.

(Sign and date)

## Count V — Deliberate Indifference to Safety and Medical Needs (14th Amendment, §1983)

**Elements satisfied:** state actor + knowledge of risk + conscious disregard.

**Drop-in language:**

98. Defendants, acting under color of state law, were aware that Plaintiff had been physically injured during an official administrative hearing and that she requested medical and police assistance.
99. Despite this knowledge, the Hearing Officer affirmatively stated that Plaintiff's physical injury was "none of [the officer's] concern," refused to pause the proceeding, refused to summon assistance, and compelled Plaintiff to proceed.
100. Defendants' conduct constituted deliberate indifference to Plaintiff's safety and medical needs, shocking the conscience and violating the Due Process Clause of the Fourteenth Amendment.
101. As a direct and proximate result, Plaintiff suffered physical injury, emotional distress, and deprivation of meaningful participation in the election process.

This is **not negligence**; it is **affirmative disregard**, which courts recognize as actionable.

**H. ONE-PAGE TRO BRIEF (JUDGES OFTEN PREFER)**

**Issue:** Whether ongoing exclusion from election processes warrants immediate relief to protect ballot access for the Mar. 17, 2026 primary.

**Why TRO Now:** Ballot access injuries are irreparable; once ballots finalize, relief is impossible.

**Merits:** Plaintiff was locked out of the objection portal during the objection window; denied reasonable continuances while injured by an assault at an official hearing; and subjected to biased treatment. This is a per se denial of due process and a severe burden on core political rights under **Anderson–Burdick.**

**Harm:** Loss of candidacy and chilled political participation—irreparable as a matter of law.

**Equities/Public Interest:** Constitutional rights and fair elections outweigh administrative inconvenience; voters benefit from choice.

**Relief:** Enjoin reliance on unconstitutional procedures; order immediate functional access; direct Defendants to take all steps necessary to afford constitutionally adequate ballot access **if ballots are not finalized**.

- Wealth-based barriers to elections
- Pro se exclusion
- Administrative bullying masked as "procedure"

● **First Amendment Retaliation**

Ignoring assault while continuing adverse proceedings can qualify as:

- Retaliatory hostility
- Chilling political participation

**I.**

**Exhibit E (Proposed)**
**Unofficial Transcript Excerpt — November 18, 2025 Hearing**

> **Tillman:** I've just been injured. My arm was twisted. I need medical help or police assistance.
>
> **Hearing Officer:** We are only here for your objection.

---

These authorities **anchor your claims** and defeat early dismissal:

**Ballot Access / First Amendment**

- *Anderson v. Celebrezze*, 460 U.S. 780 (1983)
- *Burdick v. Takushi*, 504 U.S. 428 (1992)
- *Norman v. Reed*, 502 U.S. 279 (1992)

**Procedural Due Process**

- *Mathews v. Eldridge*, 424 U.S. 319 (1976)
- *Goldberg v. Kelly*, 397 U.S. 254 (1970)

**Pro Se / Attorney-Only Bar Prohibited**

- *Bounds v. Smith*, 430 U.S. 817 (1977)
- *Tennessee v. Lane*, 541 U.S. 509 (2004) (access to courts)

**Deliberate Indifference (Non-Custodial Context)**

- *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)
- *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir.)

**Ex parte Young / Prospective Relief**

- *Ex parte Young*, 209 U.S. 123 (1908)

**TRO / Election Timing**

- *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (supports urgency when relief sought **before ballots finalize**)

# G. Exhibits

- Ex. A: Email(s) confirming portal denial/Lockout, Non Attorney Denial, (November 3, 2025 thru November 21, 2025) 2 pages
- Ex. B: Police report (November18, 2025 Battery)
- Ex. C: Hospital/brace documentation
- Ex. D: Written continuance denials / hearing schedules, Pages 1 thru 6
- Ex. E: Police report (September 27, 2025 Assault)
- Ex. F: Declaration From Glennetta Bell
- Ex. G: request for audio of November 18, 2025 Objection Hearing. Request Denied pages 2
- Ex. H: Affidavit 2 pages
- Ex. I: Proposed Order
- Ex. J: Sworn Declaration

•

---

**Exhibits (attach, redacted):**

- **Ex. A:** Email(s) confirming portal denial (Nov. 11–21)
- **Ex. B:** Police report (Nov. 18 assault)
- **Ex. C:** Hospital/brace documentation
- **Ex. D:** Continuance denials/hearing schedules

**Sept. 3, 2025** – Petition interference during circulation.
**November 3,2025** – Objection portal opens; Plaintiff locked out. Until November 21, 2025
**November 18, 2025** – Official hearing; assault; no intervention/aid.
**November 21, 2025** – Email confirms exclusion until EOB Nov. 21.
**Nov. 21, 2025** – Purported access; portal still nonfunctional.
**November 18, 2025** – Record exams scheduled; continuances denied despite injury and lack of access.
**Present** – Ongoing impairment of ballot access for **Mar. 17, 2026**.

**ANDERSON–BURDICK SECTION**

Under **Anderson v. Celebrezze** and **Burdick v. Takushi**, courts weigh the character and magnitude of the burden against the state's interests. Here, the burden is **severe**: Plaintiff was wholly excluded from the objection process (portal lockout), denied continuances while injured by an assault during an official hearing, and provided only illusory access thereafter—foreclosing any meaningful opportunity to be heard. Severe burdens trigger **strict scrutiny**, which Defendants cannot meet because no compelling interest justifies candidate-specific exclusion without notice, alternatives, or accommodation. Even under intermediate scrutiny, the challenged actions are **not narrowly tailored** and fail balancing because administrative convenience cannot outweigh constitutional rights and voter choice.

**ORDER GRANTING TEMPORARY RESTRAINING ORDER, Preliminary Injunction, Ex Parte**

Upon consideration of Plaintiff's Emergency Motion, the Court finds that Plaintiff has demonstrated a likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest favor relief.

IT IS ORDERED: **PROPOSED ORDER EMERGENCY TRO / PRELIMINARY Injunction Ex Parte**

**Relief Requested:**

**INJUNCTION MOTION Ex Parte Order**
Defendants shall take **all steps necessary** to afford Plaintiff's constitutionally adequate ballot access for the **March 17, 2026** Primary Election **including certification for Ballot Placement, ballots have not been finalized**.

- Enjoin reliance on procedures that excluded Plaintiff (portal lockout; denied continuances).
- Order **immediate, equal, functional access** to all election portals/processes.

2. Declaratory relief; **prospective injunctive relief** (Ex parte Young); compensatory and punitive damages (individual defendants); fees under **42 U.S.C. §1988**; jury trial.
3. **ORDER GRANTING TEMPORARY RESTRAINING order** ballots have not been finalized."]
4. Defendants are **ENJOINED** from enforcing or relying on procedures that denied Plaintiff meaningful participation in the objection process, including denial of portal access and denial of reasonable continuances.

- Defendants shall provide Plaintiff **immediate, equal, and functional access** to all election portals and processes necessary to defend her candidacy.

This TRO shall remain in effect pending a prompt hearing on Plaintiff's motion for preliminary injunction.

- Immediate injunction restoring to ballot
- Case proceeds on merits
- Temporary preservation of ballot status
- Expedited hearing
- Case proceeds for declaratory + damages relief

SO, ORDERED.

# Note Regarding Candidate Tillman's Ability to File Documents in the Petition and Objection Portal

From: Sarcu, Sean (ssarcu@elections.il.gov)

To: dherman@gwcblaw.com; kmmorphew@sorlinglaw.com; patriciatillman@rocketmail.com

Cc: generalcounsel@elections.il.gov

Date: Friday, November 21, 2025 at 04:16 PM CST

Hi Dave and all parties,
I am sending this along to note that Candidate Tillman's inability to file documents through the Petition and Objection Portal has been solved as of about 4:05PM. I can confirm that up until this point, she was unable to upload documents to the portal due to a coding error in our system that we have encountered in other cases. You may notice that Candidate Tillman is now listed as an attorney (representing herself) in this case—that is the short-term fix we have discovered that solves this issue until the larger coding problem is solved.

As a result, Candidate Tillman is able to file documents as of 4:05PM today. It is true that the portal would not allow her to prior to that point in time.

Best,

Sean Sarcu (he/him)
Legal Counsel II and Ethics Officer
Illinois State Board of Elections
(312) 814-6452

Ex A

# Server Error

## 403 - Forbidden: Access is denied.

**You do not have permission to view this directory or page using the credentials that you supplied.**

**VICTIM INFORMATION NOTICE/ CHICAGO POLICE DEPARTMENT** *THIS IS NOT AN OFFICIAL POLICE REPORT - IT IS FOR INFORMATION PURPOSES ONLY.* R.D. No. JJ494362

INCIDENT Battery! Simple IUCR CODE 0460 DATE/TIME OF OCCURRENCE 18 NOV 25 / 13-1400 hrs

NAME OF VICTIM/COMPLAINANT Tillman, Patricia BEAT/UNIT OF ASSIGN. 2202 BEAT OF OCCUR. 112

CASE NAME : PEOPLE OF THE STATE OF ILLINOIS/CITY OF CHICAGO vs. ______

If an arrest has taken place, the following is your court information: Date: ______ Time: ______ Court Branch: ______ Court Loc.: ______

If you need more help call the Cook County State's Attorney's Office Victim Witness Assistance Unit at (773) 674 - 7200.

Your case will be on file with the Chicago Police Department under the above listed R.D. Number. Refer to this number whenever you are communicating with the Chicago Police Department concerning this incident. Your case will be assigned for follow-up investigation based upon specific facts obtained during the initial investigation. The presence of these facts can predict whether a comprehensive follow-up investigation would likely result in the arrest and prosecution of the suspect(s) or the recovery of property. Your case will reviewed and retained to determine if criminals active in the area can be identified. *A detective will not routinely contact you unless additional information is required or your further assistance is needed.*

## TO REPORT ADDITIONAL INFORMATION

If you have knowledge of specific facts which might assist in the investigation of your case, please contact the unit marked below:

| | PROPERTY CRIMES | VIOLENT CRIMES | SPECIAL VICTIMS |
|---|---|---|---|
| AREA 1 | ☐ (312) 747-8384 | ☐ (312) 747-8380 | ☐ (312) 747-8385 |
| AREA 2 | ☐ (312) 747-8273 | ☐ (312) 747-8271 | ☐ (312) 747-8276 |
| AREA 3 | ☐ (312) 744-8263 | ☐ (312) 744-8261 | ☐ (312) 744-8266 |
| AREA 4 | ☐ (312) 746-8253 | ☐ (312) 746-8251 | ☐ (312) 746-8256 |
| AREA 5 | ☐ (312) 746-7394 | ☐ (312) 746-6554 | ☐ (312) 746-6554 |

☐ BOMB UNIT (312) 746-7822

☐ ARSON SECTION (312) 746-7618

☐ FINANCIAL CRIMES UNIT (312) 746-9861

## MISSING PERSONS

☐ If the missing person is under 18 years of age, contact the National Center of Missing and Exploited Children 1-800-THE-LOST, www.missingkids.com, National Runaway Safeline: 1-800-RUN-AWAY, www.1800runaway.org.

☐ If the missing person is over 18 years of age, contact the Illinois State Police Clearinghouse for Missing Persons : 1-800-U-HELP-ME, www.isp.illinois.gov/UnsolvedCrime/MissingPersonsAll.

☐ When persons reported missing are located or have returned contact: (312) 745 - 6019 or (312) 745 -6020.

## COPY OF THE REPORT

The above listed R.D. Number may suffice for insurance purposes. However, there may be instances when a copy of the case report is desired. A copy of the case report which verifies that an incident of injury, loss or damage has been reported to the Chicago Police Department may be obtained. To obtain a copy of the report, you can send a check or money order payable to the *"DEPARTMENT OF REVENUE-CITY OF CHICAGO"* in the amount of $.60 and a self-addressed stamped return envelope to: Chicago Police Department, Records Division, Customer Service Section, 1st floor, 3510 South Michigan Avenue, Chicago, Illinois 60653. Include the following information with your request: 1) Victim's name and address (or person reporting crime), 2) Type of incident, 3) Address of occurrence, and 4) R. D. Number. You can also visit in person or call (312) 745-5130 between 8:00 a.m. - 3:00 p.m., Monday - Friday (excluding public holidays).

## GET INVOLVED - COMMUNITY POLICING

The police alone cannot solve the problems of crime in our City. It takes an active and informed community working with the police and other City agencies to really make a difference. Join your neighbors and your neighborhood police officers as we work together to improve the quality of life and reduce crime in our City. To find out which beat you live on or how to become involved, call **311** or visit online at: http://www.home.chicagopolice.org

Beat No. ______ Next Beat Community Meeting (date/time) ______

at (location) ______

To report a crime in progress or other emergency that requires immediate police response, call 911.
To report non-emergency situations, call the Police Department at 311 within City limits, or if outside the City limits call (312) 746-6000.
To compliment an officer send an email to ComplimentCPD@chicagopolice.org.

## TELECOMMUNICATIONS DEVICE FOR THE DEAF/TELETYPE (TDD/TTY)

To report a police emergency, hearing-impaired persons should dial 9-1-1. For non-emergency situations, hearing-impaired persons may communicate with the Chicago Police Department 24 hours a day by calling 3-1-1.

## OBTAINING A WARRANT OR SUMMONS FOR CRIMINAL CHARGES

If an arrest is made, you will be informed of the date, time, and location of the court proceedings at which your appearance will be required. When you report a crime and an arrest is not made, you may go in person to the appropriate court listed below to request that criminal proceedings be initiated by way of a warrant or summons. Bring this Victim Information Notice and any other relevant information, such as the offender's name, physical description, and home address to the warrant officer assigned to the court between 8:30 am and 11:30 am Monday through Friday (excluding court holidays). The warrant officer will then assist you in the process of obtaining the warrant or summons.*

| Police District of Occurrence | Court Branch for Warrant or Summons | |
|---|---|---|
| ☐ 14,16,17, 25 | Branch 23 | 5555 W. Grand Ave. |
| ☐ 18, 19, 20, 24 | Branch 29 | 5555 W. Grand Ave. |
| ☑ 2, 3, 4, 5, 6, 7, 8, 9, 22 | Branch 35 | 727 E. 111th St. |
| ☐ 1,10,11,12,15 | Branch 43 | 3150 W. Flournoy St. |

*For incidents relating to domestic violence, a warrant/summons will only be issued from the Domestic Violence Court located at 555 West Harrison Street, on the first floor.

## AUTOMATED VICTIM NOTIFICATION (AVN)

The County of Cook has a toll free, multilingual, 24-hour Automated Victim Notification System. To obtain information about a defendant's court date or custody inside of Cook County Jail: call 1-877-846-3445. *Do not depend only on the AVN for your safety. If you feel that you may be in danger, take precautions as if the defendant has already been released.*

## ILLINOIS CRIME VICTIMS NOTIFICATION

Innocent victims of violent crime may be eligible to receive benefits from the Illinois Crime Victims Compensation program for such costs as medical, funeral, loss of support, and wage loss. *NO RECOVERY IS PROVIDED FOR PROPERTY LOSS OR DAMAGE, NOR FOR PAIN OR SUFFERING.* To apply or to determine whether one qualifies, the victim, or if deceased, a relative or dependent, must contact the Illinois Attorney General's Office. Further information and claim forms can be obtained from the Crime Victims Compensation Program, Office of the Attorney General of Illinois, 100 West Randolph Street, 13th Floor, Chicago, Illinois 60601, or by calling 1-800-228-3368, TTY: 1-877-398-1130 or email at crimevictimservices@atg.state.il.us.

## RECOVERY OF PROPERTY - STOLEN VEHICLE RECOVERED

The Chicago Police Department must be notified *IMMEDIATELY*, via the "911" emergency number, when property reported lost or stolen is recovered.

## CREDIT CARDS - CHECKS, LOST OR STOLEN

Immediately notify the concerned credit card issuer or bank by telephone to reduce the possibility of being liable for the unauthorized use of your lost or stolen credit card or check. It is suggested that you also inform the credit card issuer or bank in writing as a follow-up measure to ensure proper notification.



**IMPORTANT: RETAIN THIS NOTICE FOR YOUR PERSONAL RECORDS**

Exibit B

# AFTER VISIT SUMMARY

OSF HealthCare

**Patricia Tillman** MRN: 10033841 CEID: OSF-LFFR-7TVN-JDHC 11/18/2025 LCMMC EMERGENCY 708-422-6200

## Instructions

You were evaluated in the emergency room today for wrist pain. Xrays did not reveal a fracture or dislocation of the joint although there may be a tendon or ligament injury.

You may take Ibuprofen 600 mg every 8 hours and Tylenol 650 mg every 4 hours for pain relief, take as directed and follow up with your primary care doctor. You may take Norco as needed for severe, breakthrough pain. You may wear your wrist brace as needed.

Rest and elevate the affected painful area. Apply cold compresses intermittently as needed. As pain recedes, begin normal activities slowly as tolerated. Return to the ER for worsening symptoms including but not limited to excessive pain, numbness, fevers, loss of sensation, paleness or coldness.

**The care provided today was on an emergency basis only so it is very important to follow-up with your provider in the time recommended. You may return to the emergency department at any time or for any reason.**

**Your medications have changed**

START taking:
HYDROcodone-acetaminophen (NORCO)

Review your updated medication list below.

**Pick up these medications at WALGREENS DRUG STORE #04306 - CHICAGO, IL - 1633 W 95TH ST AT 95TH & ASHLAND**

- HYDROcodone-acetaminophen
Your estimated payment per fill: $7

Address: 1633 W 95TH ST, CHICAGO IL 60643-1331
Phone: 773-445-9277

**Call MILE SQ HEALTH CTR IMM & PRIMARY CARE AUBURN GRESHAM today**

Why: This is a primary care doctor please follow-up for further evaluation
Specialty: Primary Care
Contact: 839 W 79th St
Chicago Illinois 60620-2501
312-996-2000

## Today's Visit

You were seen by Josiah Han, MD and Zoe Fornberg, PAC

**Reason for Visit**
Wrist Pain

**Diagnosis**
Wrist sprain

**Imaging Tests**
Right Wrist X-Ray

**Medications Given**
ketorolac (TORADOL) Last given at 7:07 PM

Blood Pressure 121/82
Temperature (Tympanic) 99 °F
Pulse 77
Respiration 18
Oxygen Saturation 98%



Exibit C

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

**BEFORE THE STATE BOARD OF ELECTIONS SITTING AS THE STATE OFFICERS ELECTORAL BOARD FOR THE HEARING AND PASSING UPON OF OBJECTIONS TO NOMINATION PAPERS OF CANDIDATES FOR THE MARCH 17, 2026, GENERAL PRIMARY**

| | | |
|---|---|---|
| IN THE MATTER OF OBJECTIONS BY | ) | |
| | ) | |
| Tanya D. Anderson, | ) | |
| Objector, | ) | |
| v. | ) | **No. 25 SOEB GP 554** |
| | ) | |
| Patricia L. Tillman and Joseph L. Mosley, | ) | |
| Candidates. | ) | |

**DECISION**

The State Board of Elections, sitting as the duly constituted State Officers Electoral Board, and having convened on December 9, 2025, at 69 W. Washington, Chicago, Illinois, and via videoconference at 2329 S. MacArthur Blvd., Springfield, Illinois and having heard and considered the objections filed in the above-titled matter, hereby determines and finds that:

1. The State Board of Elections has been duly and legally constituted as the State Officers Electoral Board pursuant to Sections 10-9 and 10-10 of the Election Code (10 ILCS 5/10-9 and 5/10-10) for the purpose of hearing and passing upon the objections filed in this matter and as such, has jurisdiction in this matter.

2. On November 10, 2025, Tanya D. Anderson timely filed an objection to the nomination papers of Patricia L. Tillman and Joseph L. Mosley, Democratic Party candidates for the office of Governor and Lieutenant Governor.

3. A call for the hearing on said objection was duly issued and was served upon the Members of the Board, the Objector, and the Candidates by registered mail as provided by statute unless waived.

4. On November 18, 2025, the State Officers Electoral Board voted to adopt the Rules of Procedure, and a hearing officer was assigned to consider arguments and evidence in this matter.



EX, D 1-6

5. Rule of Procedure 1(a) provides, in relevant part; "On all hearing dates set by the Board or its designated Hearing Officer (other than the Initial Meeting), the objector and the candidate shall be prepared to proceed with the hearing of their case. Due to statutory time constraints, the Board must proceed as expeditiously as possible to resolve the objections. Therefore, there will be no continuances or resetting of the Initial Meeting or future hearings except for good cause shown."

6. Rule of Procedure 1(c) provides: "Though every effort will be made by the Board and its designated Hearing Officers to keep parties informed of upcoming events by providing actual notice, parties shall be responsible for periodically checking the Board's website to keep fully apprised of scheduled events in their case. The posting of events to the Board's website shall serve as constructive notice to the parties of the posted schedule. The failure of a party to receive actual notice of an event regarding their case shall not prevent such event from proceeding as scheduled, nor shall it invalidate any action taken at such event, as long as the party had constructive notice of the event from a posting on the Board's website."

7. Rule of Procedure 5(c) provides: "Removal or Reassignment of Hearing Officers. A Hearing Officer may be removed or reassigned from a case by the General Counsel for: (1) administrative reasons; or (2) at the request of a party for good cause shown."

8. Rule of Procedure 6 provides, in relevant part: "All motions, briefs, notices, documents, pleadings, answers, and correspondence are to be filed and served upon all parties by uploading to the Petition and Objection Portal."

9. Rule of Procedure 9(b) provides, in relevant part: "At the direction of the Board or a Hearing Officer, the parties may appear at a records examination. Notice of same shall be provided by the Board or the Hearing Officer."

10. On November 18, 2025, an initial case management conference was held with Objector Anderson appearing through counsel, Candidate Tillman appearing *pro se*, and the Hearing Officer appearing via telephone conference.

11. On November 18, 2025, the Hearing Officer's Initial Case Management Order was uploaded to this case in the Petition and Objection Portal. The Order included notice of a record examination to be conducted at 9:00 AM on November 24, 2025, at the Springfield office of the State Board of Elections.



EX. D

12. On November 18, 2025, Objector filed a Standing Objection per Rule 9 of the Rules of Procedure. Candidates did not file a Standing Objection form.

13. On November 19, 2025, a Record Exam Schedule was uploaded to this case in the Petition and Objection Portal. The record exam for this case was included in that schedule.

14. On November 19, 2025, a Record Exam Schedule was posted to the Illinois State Board of Elections website. The record exam for this case was included in that schedule.

15. On November 22, 2025, a Notice of Record Exam was uploaded to this case in the Petition and Objection Portal.

16. On November 24, 2025, at 9:00 AM, a record examination was conducted by the staff of the State Board of Elections. Candidates collected a total of 7,253 signatures. There were 3,767 line objections reviewed by State Board of Elections staff. Of those lines reviewed, 2,949 of the objections were sustained, and 818 were overruled. At the conclusion of the records examination, Candidates had 4,304 valid signatures, which is 696 under the statutory minimum of 5,000 signatures per Section 7-10(a) of the Election Code.

17. Neither party had watchers present for the conduct of the record examination.

18. On November 24, 2025, at 9:29 AM, Candidate Tillman emailed an unsigned extension affidavit requesting a 45-day continuance of the record exam and all associated deadlines.

19. On November 24, 2025, Candidate Tillman filed a Motion for Continuance for Record Exam/Extension to the Petition and Objection Portal at 1:10 PM, which also requested a change of hearing officer. Candidate Tillman filed an unsigned affidavit at 1:20 PM.

20. Under Rule 5(c) of the Rules of Procedure, on November 25, 2025, Candidate Tillman's request for a change of Hearing Officer was granted by the General Counsel, and this matter was re-assigned to Hearing Officer Michael Tecson.



Ex. D

21. On November 25, 2025, an Objection Detail Record and Objection Summary Report summarizing the results of the record examination was posted to the Petition and Objection Portal.

22. On December 2, 2025, Candidate Tillman filed a "Motion to Disqualify Kevin M. Morphew, Sorling Northrup Attorneys for Miss Conduct Rule 8.4 and Ethical Misconduct, and Extension of Record Exam, and All Proceedings Before the Illinois State Board of Elections And Anyone Sitting as the Officers Electoral Board" requesting the Board grant an extension of at least 45 days of the conduct of the record examination and all proceedings, also moving to disqualify Objector's counsel, and requesting that professional disciplinary actions be taken against Objector's counsel and former Hearing Officer Herman.

23. On December 3, 2025, the Board's appointed Hearing Officer Michael Tecson issued a recommended decision in this matter after reviewing all matters in the record, including arguments and/or evidence tendered by the parties.

24. Upon consideration of this matter, the Board adopts the findings of fact, conclusions of law, and recommendations of the Hearing Officer and the General Counsel and finds that:

A. Candidate Tillman was given ample notice of the November 24, 2025, record examination under Rules of Procedure 1(c), 6, and 9(b).

B. Candidate Tillman's Motion for Continuance for Record Exam/Extension was untimely filed on November 24, 2025, because it was not filed until after the record exam commenced. Accordingly, the motion is denied under Rule 1(a) of the Rules of Procedure.

C. Candidate Tillman's request for an extension of time for the record examination and a continuance of proceedings for at least 45 days requested in her Motion to Disqualify Kevin M. Morphew, Sorling Northrup Attorneys for Miss Conduct Rule 8.4 and Ethical Misconduct, and Extension of Record Exam, and All Proceedings Before the Illinois State Board of Elections And Anyone Sitting as the Officers Electoral Board filed on December 2, 2025, is denied under Rule 1(a) of the Rules of Procedure. The Board lacks the authority to grant the other relief requested against Objector's counsel and the former Hearing Officer assigned to this matter, and those requests are dismissed.



Ex. D

D. Following the conduct of the November 24, 2025, record examination, Candidates have filed 4,304 valid signatures within their nominating petitions, which is 696 fewer than the 5,000 signatures statutorily required by Section 7-10(a) of the Election Code.

E. The remaining pagination and notarial objections raised in Objector's objection petition have been rendered moot by the findings of Paragraph 24(D) above, as the Candidates do not qualify for ballot access due to insufficient signatures.

IT IS HEREBY ORDERED that Candidate Tillman's Motion for Continuance for Record Exam/Extension is DENIED, Candidate Tillman's Motion to Disqualify Kevin M. Morphew, Sorling Northrup Attorneys for Miss Conduct Rule 8.4 and Ethical Misconduct, and Extension of Record Exam, and All Proceedings Before the Illinois State Board of Elections And Anyone Sitting as the Officers Electoral Board is DENIED in part and DISMISSED in part, and the objection of Tanya D. Anderson to the nomination papers of Patricia L. Tillman and Joseph L. Mosley, Democratic Party candidates for nomination to the offices of Governor and Lieutenant Governor, is SUSTAINED based on the findings contained in Paragraph 24 above, and the names of the Candidates Patricia L. Tillman and Joseph L. Mosley SHALL NOT be certified for the March 17, 2026, General Primary Election ballot.

DATED: 12/09/2025

Laura K. Donahue, Chair



EX. D

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 9, 2025, the foregoing order in Case Number 25 SOEB GP 554 was served upon the Objector(s) or their attorney(s) by:

☐ Placing a pre-paid certified mail envelope in a U.S. mailbox addressed to:

Kevin Morphew
1 N. Old State Capitol Plaza, Ste. 200
P.O. Box 5131
Springfield, IL 62705

☒ Hand delivery at:
- ☒ 2329 S. MacArthur Blvd., Springfield, IL 62704
- ☐ 69 W. Washington St, Chicago, IL 60602

And on December 9, 2025, served upon the Candidate(s) or their attorney(s) by:

☒ Placing a pre-paid certified mail envelope in a U.S. mailbox addressed to:

Patricia L. Tillman
229 E. 51st St.
Chicago, IL 60615
hand delivery

Joseph Mosley
229 E. 51st St.
Chicago, IL 60615
mail

☒ Hand delivery at:
- ☐ 2329 S. MacArthur Blvd., Springfield, IL 62704
- ☐ 69 W. Washington St, Chicago, IL 60602

Jordan Andrew
Deputy General Counsel
Illinois State Board of Elections



Ex. D

**INFORMATION NOTICE/ CHICAGO POLICE DEPARTMENT** *THIS IS NOT AN OFFICIAL POLICE REPORT - IT IS FOR INFORMATION PURPOSES ONLY.* R.D. No. JJ 457737

AT Assault / Simple IUCR CODE 0560 DATE/TIME OF OCCURRENCE 27 Sep 25

NAME OF VICTIM/COMPLAINANT ______ BEAT/UNIT OF ASSIGN. 2202 BEAT OF OCCUR. 534

CASE NAME - PEOPLE OF THE STATE OF ILLINOIS/CITY OF CHICAGO vs. ______

If an arrest has taken place, the following is your court information: Date: ______ Time: ______ Court Branch: ______ Court Loc.: ______

If you need more help call the Cook County State's Attorney's Office Victim Witness Assistance Unit at (773) 674 - 7200.

Your case will be on file with the Chicago Police Department under the above listed R.D. Number. Refer to this number whenever you are communicating with the Chicago Police Department concerning this incident. Your case will be assigned for follow-up investigation based upon specific facts obtained during the initial investigation. The presence of these facts can predict whether a comprehensive follow-up investigation would likely result in the arrest and prosecution of the suspect(s) or the recovery of property. Your case will reviewed and retained to determine if criminals active in the area can be identified. *A detective will not routinely contact you unless additional information is required or your further assistance is needed.*

## TO REPORT ADDITIONAL INFORMATION

If you have knowledge of specific facts which might assist in the investigation of your case, please contact the unit marked below:

| | PROPERTY CRIMES | VIOLENT CRIMES | SPECIAL VICTIMS | |
|---|---|---|---|---|
| AREA 1 | ☐ (312) 747-8384 | ☐ (312) 747-8380 | ☐ (312) 747-8385 | ☐ BOMB UNIT (312) 746-7622 |
| AREA 2 | ☐ (312) 747-8273 | ☒ (312) 747-8271 | ☐ (312) 747-8276 | ☐ ARSON SECTION (312) 746-7618 |
| AREA 3 | ☐ (312) 744-8263 | ☐ (312) 744-8261 | ☐ (312) 744-8266 | |
| AREA 4 | ☐ (312) 746-8255 | ☐ (312) 746-8251 | ☐ (312) 746-8255 | ☐ FINANCIAL CRIMES UNIT (312) 746-9681 |
| AREA 5 | ☐ (312) 746-7394 | ☐ (312) 746-6554 | ☐ (312) 746-6554 | |

## MISSING PERSONS

☐ If the missing person is under 18 years of age, contact the National Center of Missing and Exploited Children 1-800-THE-LOST, www.missingkids.com, National Runaway Safeline: 1-800-RUN-AWAY, www.1800runaway.org.

☐ If the missing person is over 18 years of age, contact the Illinois State Police Clearinghouse for Missing Persons : 1-800-U-HELP-ME, www.isp.illinois.gov/UnsolvedCrime/MissingPersonsAll.

☐ When persons reported missing are located or have returned contact: (312) 745 - 5019 or (312) 745 -5020.

## COPY OF THE REPORT

The above listed R.D. Number may suffice for insurance purposes. However, there may be instances when a copy of the case report is desired. A copy of the case report which verifies that an incident of injury, loss or damage has been reported to the Chicago Police Department may be obtained. To obtain a copy of the report, you can send a check or money order payable to the *"DEPARTMENT OF REVENUE-CITY OF CHICAGO"* in the amount of $.60 and a self-addressed stamped return envelope to: Chicago Police Department, Records Division, Customer Service Section, 1st floor, 3510 South Michigan Avenue, Chicago, Illinois 60653. Include the following information with your request: 1) Victim's name and address (or person reporting crime), 2) Type of incident, 3) Address of occurrence, and 4) R.D. Number. You can also visit in person or call (312) 745-5130 between 8:00 a.m. - 3:00 p.m., Monday - Friday (excluding public holidays).

## GET INVOLVED - COMMUNITY POLICING

The police alone cannot solve the problems of crime in our City. It takes an active and informed community working with the police and other City agencies to really make a difference. Join your neighbors and your neighborhood police officers as we work together to improve the quality of life and reduce crime in our City. To find out which beat you live on or how to become involved, call 311 or visit online at: http://www.home.chicagopolice.org

Beat No. ______ Next Beat Community Meeting (date/time) ______

at (location) ______

To report a crime in progress or other emergency that requires immediate police response, call 911. To report non-emergency situations, call the Police Department at 311 within City limits, or if outside the City limits call (312) 746-6000.

**To compliment an officer send an email to ComplimentCPD@chicagopolice.org.**

## TELECOMMUNICATIONS DEVICE FOR THE DEAF/TELETYPE (TDD/TTY)

To report a police emergency, hearing-impaired persons should dial 9-1-1. For non-emergency situations, hearing-impaired persons may communicate with the Chicago Police Department 24 hours a day by calling 3-1-1.

## OBTAINING A WARRANT OR SUMMONS FOR CRIMINAL CHARGES

If an arrest is made, you will be informed of the date, time, and location of the court proceedings at which your appearance will be required. When you report a crime and an arrest is not made, you may go in person to the appropriate court listed below to request that criminal proceedings be initiated by way of a warrant or summons. Bring this Victim Information Notice and any other relevant information, such as the offender's name, physical description, and home address to the warrant officer assigned to the court between 8:30 am and 11:30 am Monday through Friday (excluding court holidays). The warrant officer will then assist you in the process of obtaining the warrant or summons.*

| Police District of Occurrence | Court Branch for Warrant or Summons | |
|---|---|---|
| ☐ 14,16,17, 25 | Branch 23 | 5555 W. Grand Ave. |
| ☐ 18, 19, 20, 24 | Branch 29 | 5555 W. Grand Ave. |
| ☐ 2, 3, 4, 5, 6, 7, 8, 9, 22 | Branch 35 | 727 E. 111th St. |
| ☐ 1,10,11,12.15 | Branch 43 | 3150 W. Flournoy St. |

*For incidents relating to domestic violence, a warrant/summons will only be issued from the Domestic Violence Court located at 555 West Harrison Street, on the first floor.

## AUTOMATED VICTIM NOTIFICATION (AVN)

The County of Cook has a toll free, multilingual, 24-hour Automated Victim Notification System. To obtain information about a defendant's court date or custody inside of Cook County Jail: call 1-877-846-3445. *Do not depend only on the AVN for your safety. If you feel that you may be in danger, take precautions as if the defendant has already been released.*

## ILLINOIS CRIME VICTIMS NOTIFICATION

Innocent victims of violent crime may be eligible to receive benefits from the Illinois Crime Victims Compensation program for such costs as medical, funeral, loss of support, and wage loss. *NO RECOVERY IS PROVIDED FOR PROPERTY LOSS OR DAMAGE, NOR FOR PAIN OR SUFFERING.* To apply or to determine whether one qualifies, the victim, or if deceased, a relative or dependent, must contact the Illinois Attorney General's Office. Further information and claim forms can be obtained from the Crime Victims Compensation Program, Office of the Attorney General of Illinois, 100 West Randolph Street, 13th Floor, Chicago, Illinois 60601, or by calling 1-800-228-3368, TTY: 1-877-398-1130 or email at crimevictimservices@atg.state.il.us.

## RECOVERY OF PROPERTY - STOLEN VEHICLE RECOVERED

The Chicago Police Department must be notified *IMMEDIATELY*, via the "911" emergency number, when property reported lost or stolen is recovered.

## CREDIT CARDS - CHECKS, LOST OR STOLEN

Immediately notify the concerned credit card issuer or bank by telephone to reduce the possibility of being liable for the unauthorized use of your lost or stolen credit card or check. It is suggested that you also inform the credit card issuer or bank in writing as a follow-up measure to ensure proper notification.



**IMPORTANT: RETAIN THIS NOTICE FOR YOUR PERSONAL RECORDS**

Exhibit E

Glennetta Bell
12611 State St.
Chicago, IL 60628

December 17, 2025

To whom it may Concern

my name is Glennetta. On 9-3-25 I was campaining with my dear Friend Patricia L. Tillman at Vision Odeum and Events. Located at 11901 S. Loomis St. Chicago IL. 60643 We were Standing in side door of the enterance area. Circulating nominations petitions for Patricia L Tillman. When Gator Bradley walked up and aggresively stated w/ J.B. Pitzker petitions in his hand "Don't sign that petition. Fuck that Bitch. We're signing J.B's petitions, We're getting him on the Ballot. He continued to do this thru out the night w/ multiple Voters. Stopping them from signing Patricia L. Tillmans petitions

Sincerely,

Glennetta Bell

Patricia L. Tillman

RENEE TUCKER MACKLIN
OFFICIAL SEAL
Notary Public - State of Illinois
Commission No. 983433
My Commission Expires December 18, 2027

Renee Tucker Macklin
12/19/2025

EX. F

# 25 SOEB GP 554: Tanya D. Anderson V Patricia Tillman and Joseph Mosley

From: Patricia Tillman (patriciatillman@rocketmail.com)

To: mt@hmbr.com; generalcounsel@elections.il.gov; ssarcu@elections.il.gov; petitionobjectionrequests@elections.il.gov; patriciatillman@rocketmail.com

Date: Wednesday, December 3, 2025 at 12:55 PM CST

Hello all. I am requesting a copy of the recorded objection hearing of this case held on November 18, 2025 . David Herman was the hearing officer.
Thank you.

Ex. G 1
1 of 2

# RE: 25 SOEB GP 554: Tanya D. Anderson V Patricia Tillman and Joseph Mosley

From: Michael Tecson (mt@hmbr.com)

To: patriciatillman@rocketmail.com

Cc: generalcounsel@elections.il.gov; kmmorphew@sorlinglaw.com

Date: Wednesday, December 3, 2025 at 01:44 PM CST

Ms. Tillman:

Case management conferences are not recorded, and there is no recording of the initial case management conference for your matter on November 18, 2025.

As I mentioned in my previous email, all email communications must include myself, Mr. Morphew, as counsel for the Objector, and the Illinois State Board of Elections ("ISBE") general counsel's office. This is required by the ISBE applicable Rules of Procedure for the hearing and passing upon objections.

I am aware that you left a voicemail for the ISBE's general counsel's office. The Rules provide that the appointed hearing officer is delegated the authority of the ISBE in the determination of your matter. Therefore, the general counsel's office will not be returning your call.

Finally, the Board does not have the authority to disqualify Mr. Morphew as counsel for the Objector.

J. Michael Tecson
Shareholder

Hogan Marren Babbo & Rose, Ltd.
181 West Madison Street, Suite 4700, Chicago, Illinois 60602
mt@hmbr.com | (312) 540-4414 (direct, fax, text) | (773) 398-4775 (Mobile) | www.hmbr.com

*NOTICE OF CONFIDENTIALITY: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution of any kind is strictly prohibited. If you are not the intended recipient, contact the sender via reply e-mail and destroy all copies of the original message.*

**From:** Patricia Tillman <patriciatillman@rocketmail.com>
**Sent:** Wednesday, December 3, 2025 12:55 PM
**To:** Michael Tecson <mt@hmbr.com>; GeneralCounsel <generalcounsel@elections.il.gov>; Sean Sarcu <ssarcu@elections.il.gov>; ILSBE Petition and Objection Portal <petitionobjectionrequests@elections.il.gov>; Patricia Tillman <patriciatillman@rocketmail.com>
**Subject:** 25 SOEB GP 554: Tanya D. Anderson V Patricia Tillman and Joseph Mosley

Ex. G 2

- *Goldberg v. Kelly*, 397 U.S. 254 (1970)

**Pro Se / Attorney-Only Bar Prohibited**

- *Bounds v. Smith*, 430 U.S. 817 (1977)
- *Tennessee v. Lane*, 541 U.S. 509 (2004) (access to courts)

**Deliberate Indifference**

**I am not asking the Courts to reverse any State proceedings**
**Rooker–Feldman** and fail.

- *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)
- *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir.)

**Ex parte Young / Prospective Relief**

- *Ex parte Young*, 209 U.S. 123 (1908)

**TRO / Election Timing**

- *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (supports urgency when relief sought **before ballots finalize**)
- **Count V – Deliberate Indifference (14th Amendment)**
- **Rule 65(b) Emergency Certification**

# PARTIES

**Patricia L. Tillman and Joseph L. Mosley** is Illinois residents and Candidates for Governor and Lieutenant Governor

**Plaintiff's**

V

**Defendants**

Governor Jay Patrick Pritzker

**Illinois State Board of Elections and Sitting Officers** is a state agency responsible for administering election procedures.

**ISBE Board Members**

Laura K. Donahue, Chair

Rick S. Terven, Sr., Vice Chair

Jennifer M. Ballard Croft

Chistina D. Cray

Tonya L. Genovese

Catherine S. McCrory

Jack Vrett

Cansandra B. Watson

**General Counsel**

**Legal Counsel ll and Ethics Officer Illinois State Board of Elections**

Sean Sarcu

**Hearing Officers**

David Herman

J. Michael Tecson

**Attorney**

Kevin M. Morphew of Sorling Northruo Attorneys

**Attorney General**

Kwame Raoul

**Assistant Attorney General**

Lee B. Stark

**Defendant**

Wallace Gator Bradley

# JURISDICTION

## I AM NOT Asking the Federal Court to "Review" any State Court Rulings

**exact situation**—moving from **Illinois Circuit Court** to **U.S. District Court (Northern District of Illinois)** because the claims arise under **federal constitutional law** and **42 U.S.C. § 1983**

**The right to VOLUNTARILY dismiss one time, without prejudice 735 ILCS 5/2-1009 (Illinois code of civil procedure)**

**A.** Before any merits has been decided on

**B.** No merits have been decided on

### Exhaustion is not required for 42 U.S.C. (1983)

### Rooker-Feldman Doctrine

- The federal case challenges **independent constitutional violations**
- Not the ***correctness* of** any state-court judgment

### . Federal Question Jurisdiction

**28 U.S.C. § 1331**

Claims arise under:

- U.S. Constitution (First & Fourteenth Amendments)
- **42 U.S.C. § 1983**

### 2. Civil Rights Jurisdiction

**28 U.S.C. § 1343(a)(3)**

Jurisdiction exists where state actors deprive rights under color of state law.

### 3. Supplemental Jurisdiction

**28 U.S.C. § 1367**

For any related state-law claims (if included

28 U.S.C. 1391 (b)

# FACTUAL ALLEGATIONS

### A. Petition Interference and Voter Intimidation (September 3, 2025)

On September 3, 2025, while Plaintiff lawfully circulated gubernatorial nominating petitions, **Wallace Gator Bradley**, a circulator for Governor J.B. Pritzker, physically took Plaintiff's petitions from voters' hands and told voters words to the effect of:
"**** that **** — do not sign her petition, you're signing Governor Pritzker's petition."

This conduct prevented voters from signing Plaintiff's petition and interfered with Plaintiff's ballot access.

### B. Assault During State Board of Elections Hearing (November 18, 2025)

On November 18, 2025, during an official Illinois State Board of Elections hearing, **the objector's attorney** forcibly twisted Plaintiff's arm, causing injury. Plaintiff required hospital treatment, was placed in a wrist brace, and later filed a police report.

### C. Board Knowledge and Deliberate Indifference

Board members and agents were present, failed to intervene, failed to summon law enforcement, and failed to offer medical assistance. Hearing Officer David Herman Told Candidate if she leaves, he will Guarantee her that her name will not appear on the Ballot for the March 17, 2026 Primary Election Ballot Plaintiff was forced to leave on her own to seek medical care and police assistance.

### D. Constitutional Harm

Defendants' conduct chilled Plaintiff's political participation and deprived her of safe and meaningful access to election processes. Blocked Plaintiff's from Petition Objection Portal during the Objection window was not allowed access until Objection window closed. Window opened on or about November 3, 2025 Plaintiff's were Blocked from November 3, 2025 thru Friday November 21, 2025 End of Business. Plaintiff was told by hearing Officer that she was to incompetent to navigate through the portal.

**E.** Plaintiff's were denied the right to participate without Attorney by the Illinois State Board of Elections and it's sitting Officers

**F.** Plaintiff Patricia L. Tillman was Fraudulently listed as an Attorney in the Petition Objection Portal

## VERIFIED DECLARATION

I, **Patricia L. Tillman**, declare under penalty of perjury that the following is true and correct:

- I am a Democratic Candidate for Governor of The State of Illinois. At the Objection Hearing I was told by The Hearing Officer that I could not participate without an Attorney
-
-
- The Illinois State Board of Elections' Petition Objection Portal opened on or about **November 3, 2025**. I was **blocked from accessing** the portal during the objection window, I asked for access multiple times and was told by the Hearing Officer David Herman and The Opposing Attorney Kevin M. Morphew of Sorling Northrup Attorneys on November 18, 2025 at an Objection Hearing that I cannot help it that you are to incompetent to navigate through the Portal. I then asked for other ways to participate in the election process, and was told this is the only way we will allow you to participate. This is why we told you that you cannot proceed without an Attorney.
- until **end of business November 21, 2025**.
- I notified the hearing officer and opposing counsel that I lacked portal access. I was told I was "incompetent," and my request for a continuance was denied.
- A record examination was scheduled while access remained nonfunctional; the portal **still did not work** after November 21.
- On **November 18, 2025**, during an official Board hearing, I was **physically assaulted** by an objector's attorney. I required hospital care, wore a wrist brace, and was prescribed narcotic pain medication.
- Despite my injury and medication, my requests for continuances—including for a Springfield record examination—were denied.
- These actions prevented me from meaningfully participating in the objection process and continue to impair my ballot access for the **March 17, 2026 primary**.

Executed on 01-08, 2026, at Chicago, Illinois.

**Patricia L. Tillman**

## Verified Declaration

## Audio Recording of November 18, 2025 Hearing

A. On November 18, 2025, during an official administrative hearing before the Illinois State Board of Elections, I was subjected to intimidation and physical injury by opposing counsel.

B. Because I was outnumbered, intimidated, and concerned for my personal safety and the integrity of my candidacy, I activated an audio recording device to document statements made to me during the hearing.

C. I recorded only statements made in my presence and directed to me during the official proceeding.

D. During the hearing, after I reported that I had been physically injured and requested assistance, the Hearing Officer stated words to the effect of: *"We are only here for your objection. You being battered is none of my concern."*

E. The Hearing Officer refused to pause the hearing, summon police, or provide medical assistance, and the proceeding continued despite my injury.

F. A contemporaneous audio recording exists that accurately reflects these statements and the surrounding context.

G. I am prepared to provide the recording and a transcript excerpt to the Court upon request

Patricia L Ullman 01-08-2026

**Exhibit E (Proposed)**
**Unofficial Transcript Excerpt — November 18, 2025 Hearing**

**Tillman:** I've just been injured. My arm was twisted. I need medical help and police assistance.

**Hearing Officer:** We are only here for your objection.

**Tillman:** I am hurt and asking for help.

**Hearing Officer:** You being battered is none of my concern. We are proceeding.

**Tillman:** I am requesting a continuance. I cannot continue like this.

**Hearing Officer:** Request denied. This process is not for people who cannot afford an attorney. If you leave I can guarantee you that you name will not appear on the March 17, 2026 Primary Election Ballot

**I am a Construction worker and due to the batter on November** !8, 2025 At the Illinois State Board Of Elections I have not been able to work

**As a result of the State Board of Elections and it's sitting Officers I had to cancel 3 fund raisers**

**Certification (recommended):**

I certify that this transcript excerpt is a true and accurate representation of the audio recording of the November 18, 2025 hearing.

(Sign and date) Patricia L. Tillman

# Deliberate Indifference to Safety and Medical Needs (14th Amendment, §1983)

**Elements satisfied:** state actor + knowledge of risk + conscious disregard.

A. Defendants, acting under color of state law, were aware that Plaintiff had been physically injured during an official administrative hearing and that she requested medical and police assistance.

B. Despite this knowledge, the Hearing Officer affirmatively stated that Plaintiff's physical injury was "none of [the officer's] concern," refused to pause the proceeding, refused to summon assistance, and compelled Plaintiff to proceed.

C. Defendants' conduct constituted deliberate indifference to Plaintiff's safety and medical needs, shocking the conscience and violating the Due Process Clause of the Fourteenth Amendment.

As a direct and proximate result, Plaintiff suffered physical injury, emotional distress, and deprivation of meaningful participation in the election process. **Deliberate Indifference (14th Amendment)**

- **Rule 65(b) Emergency Certification**
- The ballots **have not yet been printed**, AND
- The relief is framed as **prospective constitutional relief**, not correction of a state-court error, AND
- The plaintiff shows **irreparable harm + likelihood of success**, AND
- The court can do so **without disrupting election administration**A candidate was **excluded without due process**
- The exclusion was **procedurally defective**
- The plaintiff acted **promptly**
- You allege **total exclusion from the objection process**
- You allege **physical assault + denial of continuances**

You allege **portal lockout during the objection window**This is **not negligence**; it is **affirmative disregard**

# INDEPENDENT CONSTITUTIONAL VIOLATION

### ◇ Due Process (14th Amendment)

When the state creates an election procedure, it **must provide meaningful access** to it and **cannot arbitrarily deny access** to a qualified participant.

- A candidate
- During the objection window
- Locked out of the only official portal
- With no hearing or alternative access

That is **procedural due process failure per se.**

### ◇ First Amendment (Political Participation)

Ballot defense and objection response are **core political activity**.

Blocking portal access:

- Suppressed your political participation
- Prevented association with voters and supporters
- Prevented speech in an official forum

This triggers **strict scrutiny** or at minimum **Anderson–Burdick balancing,** which the state **cannot meet.**

### ◇ Equal Protection

- Other candidates had portal access, and
- I did not,

**selective exclusion** from a public election mechanism.

**Due Process (§1983)**

**Now supported by:**

- Portal denial during objection period

[redacted] P.T.

- No alternative access
- Written confirmation via email

**First Amendment Retaliation**

You engage in protected activity (candidate, objections)You are assaulted + intimidated You are then excluded from the portal You are chilled and disabled from participation

**retaliatory motive.**

**Equal Protection**

- Portal opened November
- You locked out until November 21 (end of business)
- Others had access

That is **disparate treatment in election administration.**

**Ballot Access / Political Association**

Denial of objection defense = **effective exclusion** from candidacy.

**severe burden.**

- An order requiring **immediate and equal access** to all election portals
- An order prohibiting **candidate-specific exclusion**
- An order requiring **neutral, written notice and alternatives**

This is **prospective relief**, so it avoids immunity problems.

The email:

- Proves knowledge
- Proves intent or reckless disregard
- Defeats "mistake" defenses
- Compensatory damages
- Punitive damages (individual defendants)

**Defense Arguments**

| Defense | Why It Fails Now |
|---|---|
| "Administrative error" | Email shows intentional exclusion |
| "No harm" | Missed objection participation |
| "Plaintiff had remedies" | Portal was the remedy |
| "Not state action" | Board + Ethics counsel involvement |

- Legal General Counsel (individual capacity)
- Board members who received the email
- Any official who enforced the lockout

These are **personal participation facts**, not policy disputes

- Is **separate** from the assault
- Is **documented**
- Is **time-specific**
- Is **direct state action**
- Is **constitutionally fatal** to the defense

While I was blocked out of the POP I told the hearing officer and opposing attorney they stated that I was incompetent I asked for a continuance and was denied, There was a record schedule for November 24th three days after I was given access to the portal supposedly but the portal still did not work after November the 21st 2025 I asked for an continuance for the record exam that was supposed to be in Springfield on November 24, 2025 and was denied I was not able to go to the exam because of assault that happened to me on November the 18, 2025 at the hearing at the State Board of Election because my arm was in a brace and I was on strong medication narco medication so I could not attend the record exam and I was refused a continuance

This is not just exclusion — it is **procedural sabotage combined with disability-based denial and retaliation**, and it fits squarely within **clearly established constitutional law.**

**facts**

**denial of continuances + "incompetent" statement is unconstitutional**

**defenses defeated and supports injunctions and damages, survive Rule 12**

## V. STATE ACTION

All Defendants acted under color of state law by administering election procedures, controlling hearing environments, and exercising authority delegated by Illinois law.

COUNT I – Due Process (14th Amendment, §1983)

Defendants deprived Plaintiff of a protected liberty interest in Candidacy and political participation through arbitrary and unsafe procedures.

**COUNT II – First Amendment Retaliation (§1983)**

Plaintiff engaged in protected political activity. Defendants' actions constituted adverse retaliation.

**COUNT III – Equal Protection (§1983)**

Plaintiff was treated differently from similarly situated Candidates without rational basis.

**COUNT IV – Ballot Access & Political Association (§1983)**

Defendants imposed unjustified burdens on Plaintiff's access to the ballot.

**COUNT V – Plaintiff's access to Petition Objection Portal Blocked, Locked out during the Objection Window from November 3, 2025 thru November 21, 2025**

**42 U.S.C. §1983**

- **First Amendment**
- **Fourteenth Amendment**
- **Ex parte Young**, 209 U.S. 123
- **Monell v. Dep't of Soc. Servs.**
- **Anderson v. Celebrezze**
- **Burdick v. Takushi**
- **Winter v. NRDC**
- **Illinois Tort Immunity Act** (state case only)
- Federal case = **constitutional violations**
- State case = **assault & interference**
- Evidence supports **injunction** + **damages**
- Structure avoids **Rooker-Feldman, Younger, immunity traps**


- **First Amendment**
- **Fourteenth Amendment**
- **Ex parte Young**, 209 U.S. 123
- **Monell v. Dep't of Soc. Servs.**
- **Anderson v. Celebrezze**
- **Burdick v. Takushi**
- **Winter v. NRDC**

- **Illinois Tort Immunity Act**

**First Amendment Retaliation.**

Protected activity:

- Running for office
- Defending petitions
- Requesting access and continuances, Adverse actions: Being labeled "incompetent "Denial of access Denial of continuances
- Forced default in record exam, Causal connection: Temporal proximity, Pattern of escalating obstruction

This is **classic retaliation. Equal Protection / Disability-Based Discrimination**

- Differential treatment
- Refusal to accommodate known injury
- Punishment for medical incapacity, **irrational and arbitrary treatment** in election administrationPortal exclusion
- Biased statements
- Denial of continuances
- Scheduling while access disabled
- Medical incapacity ignored**Equal Protection**
- Others received access + continuances
- You did not
- No rational basis
- **Ballot Access / Political Association**
- Forced inability to defend candidacy
- Functional removal without objection ruling

**THIS DESTROYS COMMON DEFENSES**

| Defense | Why It Fails |
|---|---|
| "Plaintiff failed to participate" | Participation was made impossible |
| "Procedural discretion" | Discretion cannot be arbitrary or punitive |
| "Medical issues irrelevant" | State must not penalize injury it caused |
| "Access was granted" | Non-functional access = denial |
| "Continuances not required" | Required when denial forecloses participation |

**Bias / lack of impartial tribunal, Procedural retaliation, Failure to accommodate disability,** Potential **ADA / Rehabilitation Act, "Candidate systematically excluded, injured, denied accommodation, and**

**silenced." prospective constitutional relief**, not correction of a state-court error, and The plaintiff shows **irreparable harm + likelihood of success**, and, The court can do so **without disrupting election administration** A candidate was **excluded without due process,** The exclusion was **procedurally defective,** The plaintiff acted **promptly, Rooker–Feldman**, fail.

**Federal Complaint**

- Due Process (portal denial, no hearing, no continuance)
- First Amendment retaliation
- Equal protection
- Failure to accommodate disability
- Assault + deliberate indifference, constitutional interference

Loss of ballot access = **irreparable harm per se**

- Chilling of political participation
- Harm cannot be cured after the election, once an election occurs, constitutional injuries cannot be undone. **"Balance of Harms, Constitutional Rights**
- Harm to Candidates: loss of candidacy access to Ballot Denied Irreparable that could never be fixed
- Harm to state: administrative inconvenience, **Public Interest,** Public interest favors **fair elections**
- Voters have a right to choose among qualified candidatesImmediate injunction restoring to ballot
- Case proceeds on merits
- Temporary preservation of ballot status
- Expedited hearing
- Case proceeds for declaratory + damages relief

**Federal Court has Jurisdiction**

**Ballot Access / First Amendment**

- *Anderson v. Celebrezze*, 460 U.S. 780 (1983)
- *Burdick v. Takushi*, 504 U.S. 428 (1992)
- *Norman v. Reed*, 502 U.S. 279 (1992)

**Procedural Due Process**

- *Mathews v. Eldridge*, 424 U.S. 319 (1976)
- *Goldberg v. Kelly*, 397 U.S. 254 (1970)

**Pro Se / Attorney-Only Bar Prohibited**

- *Bounds v. Smith*, 430 U.S. 817 (1977)
- *Tennessee v. Lane*, 541 U.S. 509 (2004) (access to courts)

**Deliberate Indifference**

**I am not asking the Courts to reverse any State proceedings**
**Rooker–Feldman** and fail.

- *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)
- *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir.)

**Ex parte Young / Prospective Relief**

- *Ex parte Young*, 209 U.S. 123 (1908)

**TRO / Election Timing**

- *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (supports urgency when relief sought **before ballots finalize**)
- **Count V – Deliberate Indifference (14th Amendment)**
- **Rule 65(b) Emergency Certification**

**Federal Court has Jurisdiction**

**Ballot Access / First Amendment**

- *Anderson v. Celebrezze*, 460 U.S. 780 (1983)
- *Burdick v. Takushi*, 504 U.S. 428 (1992)
- *Norman v. Reed*, 502 U.S. 279 (1992)

**Procedural Due Process**

- *Mathews v. Eldridge*, 424 U.S. 319 (1976)
- *Goldberg v. Kelly*, 397 U.S. 254 (1970)

**Pro Se / Attorney-Only Bar Prohibited**

- *Bounds v. Smith*, 430 U.S. 817 (1977)
- *Tennessee v. Lane*, 541 U.S. 509 (2004) (access to courts)

**Deliberate Indifference**

**I am not asking the Courts to reverse any State proceedings**
**Rooker–Feldman** and fail.

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998)

- *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir.)

**Ex parte Young / Prospective Relief**

- *Ex parte Young*, 209 U.S. 123 (1908)

**TRO / Election Timing**

- *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (supports urgency when relief sought **before ballots finalize**)

*28 U.S.C. 1367*

### C. Likelihood of Success

**Due Process (14th Amendment).**
Plaintiff was **locked out** of the petition objection portal during the objection window; denied **notice and meaningful opportunity to be heard**; denied **reasonable continuances** while injured by an assault during an official hearing; and provided only **illusory access** thereafter. That is a per se procedural due process violation.

**First Amendment (Political Participation/Retaliation).**
Defending nominating petitions and participating in objections are core political activity. Exclusion, biased statements ("incompetent"), and punitive scheduling constitute adverse actions likely to chill protected activity.

**Equal Protection.**
Other candidates had portal access and continuances; Plaintiff did not—without rational justification.

### D. Irreparable Harm (Per Se)

Loss of ballot access and chilled political participation are **irreparable**. Once the election occurs, the injury cannot be undone.

### E. Balance of Equities & Public Interest

Constitutional rights outweigh administrative inconvenience. The public interest favors **fair elections** and voter choice.

### F. Emergency

Ballot preparation is time-sensitive. Without immediate relief, Plaintiff's constitutional injuries will be cemented **PROPOSED ORDER**

AFFIDAVIT OF PATRICIA TILLMAN Case No: 25SOEB GP 554

I, Patricia Tillman, being first duly sworn, state under oath:

1. On November 18, 2025, While at the Illinois State Board of Election, attending a objections hearing, Located at 69 w. Washington Chicago IL. 60602. Kevin M. Morphew of SORLING NORTHRUP ATTORNEYS, ATTORNEY for, Tanya D. Anderson (Objector) V Patricia Tillman, Pro Se, for, Patricia Tillman and Joseph Mosley (Candidates) and David Herman, Illinois State Board of Election Hearing Officer.

I make this affidavit based on my own personal knowledge and experience.

2. During the objection hearing, I Patricia Tillman, suffered physical assault, physical battery, planned conspiracy, intimidation, threats, and personal attacks against my competency and ability to navigate through the Illinois State Board of Election petition and objection portal, "etc" while being deliberately prevented from gaining access to the portal, During and after the objection Hearing.

On the date of my scheduled hearing at 69 W. Washington, Chicago, Illinois, Attorney Kevin M. Morphew of Sorling Northrup Attorneys an attorney representing Tanya D. Anderson (Objector) caused me irreparable harm. As well as David Herman the Illinois State Board Of Election Hearing Officer who intimidated me as well and did nothing to assist in getting me help

3. Hospital Treatment

Following this physical contact, I went directly to the hospital for evaluation and treatment. I was diagnosed with injuries to my wrist and was prescribed medication for pain. True and correct copies of my medical/hospital records are attached as Exhibit A.

4. Police Report

I filed a police report documenting this physical incident. A true and correct copy is attached as Exhibit B.

5. Current Medical Condition

I am still experiencing:

- pain

- soreness

- limited mobility

- trauma

- difficulty sleeping and concentrating

- physical discomfort affecting my ability to write, type, and prepare documents

6. Inability to Participate in Hearings, or Record Examinations at This Time

Because of this incident and my medical condition, I am physically unable to properly prepare for or participate in the hearing at this time. Attempting to proceed would:

- worsen my health,

Ex H.1

- interfere with medical recovery, and

- substantially prejudice my ability to defend my candidacy.

7. Request for Continuance

I request that the Illinois State Board of Elections:

- grant a continuance/extension of all hearings, Record exams and all associated deadlines for at least 45 days, or until I receive medical clearance.

8. Truthfulness

Everything stated in this affidavit is true and correct.

Patricia L. Tillman

Patricia L. Tillman

229 E. 51st

Chicago IL. 60615

Date: 12/01/2025

Notary

Linda J Green

Subscribed and sworn to before me

this 1st day of December 20 25

at Chicago, County of Cook, State of Illinois.

Notary Public Linda J Green

"OFFICIAL SEAL"
LINDA J GREEN
Notary Public, State Of Illinois
Commission No. 707830
My Commission Expires April 21, 2029

Ex H.2

Sworn Declaration

I, **Patricia L. Tillman,** declare under penalty of perjury that the following is true and correct:

- I am a Democratic Candidate for Governor of The State of Illinois. At the Objection Hearing I was told by The Hearing Officer that I could not participate without an Attorney
-
-
- The Illinois State Board of Elections' Petition Objection Portal opened on or about **November 3, 2025**. I was **blocked from accessing** the portal during the objection window, I asked for access multiple times and was told by the Hearing Officer David Herman and The Opposing Attorney Kevin M. Morphew of Sorling Northrup Attorneys on November 18, 2025 at an Objection Hearing that I cannot help it that you are to incompetent to navigate through the Portal. I then asked for other ways to participate in the election process, and was told this is the only way we will allow you to participate. This is why we told you that you cannot proceed without an Attorney.
- until **end of business November 21, 2025**.
- I notified the hearing officer and opposing counsel that I lacked portal access. I was told I was "incompetent," and my request for a continuance was denied.
- A record examination was scheduled while access remained nonfunctional; the portal **still did not work** after November 21.
- On **November 18, 2025**, during an official Board hearing, I was **physically assaulted** by an objector's attorney. I required hospital care, wore a wrist brace, and was prescribed narcotic pain medication.
- Despite my injury and medication, my requests for continuances—including for a Springfield record examination—were denied.
- These actions prevented me from meaningfully participating in the objection process and continue to impair my ballot access for the **March 17, 2026 primary**.

Executed on 01-07, 2026, at 9:00 AM, Illinois. **Patricia L. Tillman**

Patricia L. Tillman

Ex. J

O.R.

FILED
2026 JAN -7 PM 1:51
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

# NOTICE OF COURT DATE FOR MOTION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Patricia L. Tillman and Joseph L. Mosley Candidates for Governor and Lieutenant Governor
*Who started the case. First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Illinois State Board of Elections Officers
*Who the case was filed against.*
Objector Tanya D. Anderson
Kevin M. Morphew Sorling Northrup Attorneys
*First, Middle, and Last Name, or Business Name*

2025 COEL 000020
25SOEBGP 554
**Case Number**

Elections and Sitting
Hon. Maureen Ward Kirby
Illinois State Board of Elections Attention Assistant Lee Stark

## 1. MOTION TITLE

*Explain in a few words what you are asking the judge to do. This should match the title you write in **1** on the Motion.*

Motion to: ~~Voluntary~~ Voluntary Dismissal with out Prejudice 735 ILCS 5/2-1009 (a)

## 2. COURT DATE INFORMATION

*Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks. If you are e-filing in Cook County, you may get the court date when you e-file.*

a. The court date for the *Motion* I filed is scheduled on:

01-15-2026 at 10:30 ☑ a.m. ☐ p.m. in 1703.
*Month, Day, Year* *Time* *Courtroom Number*

*Court dates may be scheduled in-person, remotely or a combination of in-person and remotely. Find out how your court date will be scheduled and provide that information here. Add the Clerk's phone number and website.*

b. Attend court in any of the ways checked:

☑ **In person** at: ______________________
*Courtroom Address* *Courtroom Number*

☐ **Remotely** (video or telephone option)

**By video conference** at: ______________________
*Video Conference Website*

Log-in information: ______________________
*Video Conference Log-in Information, Meeting ID, Password, etc.*

**By telephone** at: ______________________
*Call-in Number for Telephone Remote Appearance*

Case Number: 2025 COE L 000020

To find out more about remote court options: 2550EBGP554

Phone: ____________ or Website: ____________
Circuit Clerk's Phone Number — Website URL

**SIGN**

Under Illinois Supreme Court Rule 137, your signature means that you:

1) read the document, 2) believe it is true and correct, and 3) are not filing it to cause delay or for another bad reason.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature /s/ Patricia L. Tillman Print Your Name Patricia L. Tillman

Your Address 229 E. 51st Chicago IL 60615
Street, Apt. # — City — State — Zip Code

Your Phone Number 312-316-1305 Attorney Number (if any) Pro Se

Your Email (if you have one) patriciatillman@rocketmail.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

## 3. PROOF OF DELIVERY

*Fill out the information below to show how you are sending this document to the other people in the case. If a person in the case has a lawyer, **you must send this document to their lawyer.***

a. **I am sending this document to:**

Name: Illinois State Board of Electronsitting as the State officers electoral BOARD
First — Middle — Last Name

Address: 69 W. Washington Chicago IL 60602
Street, Apt. # — City — State — Zip Code

Email Address: Petition@elections.il.gov

By: [x] Electronically to the email address in **3a**:
- [x] By email *(not through an EFSP)*.
- [ ] Using an approved electronic filing service provider (EFSP).

[x] I or the person I am sending the document to do not have an email address. I am sending the document by:
- [x] Mail or third-party carrier to the address in **3a**, with postage or delivery charge prepaid.

  Location of mailbox or third-party carrier: ____________ ____________
  City — State

- [ ] Personal hand delivery at this address:

  *NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

  Address ____________
  *Street, Apt. #, City, State, and Zip Code*

- [ ] Mail to the address in **3a**, from a prison or jail: ____________
  *Name of Prison or Jail*

**This document will be sent on:** Date: 01-07-2026 Time: 5:00 pm
*Month, Day, Year* — *Include AM or PM*

Case Number: 2025 CO EL 000 30

b. ☐ I am not sending these documents to additional people.  2550EBGP554

- OR -

☑ I am sending these documents to an additional person not listed in 3a:

Name: Illinois State Board of Elections Attention Lee Stark 95515 First attorney Middle General Last Name

Address: 115 south LaSalle Street Chicago IL 60603
Street, Apt. # City State Zip Code

Email Address: Lee.Stark@ilag.gov

By: ☑ Electronically to the email address in **3b**:

☑ By email *(not through an EFSP).*

☐ Using an approved electronic filing service provider (EFSP).

☑ I or the person I am sending the document to do not have an email address. I am sending the document by:

☑ Mail or third-party carrier to the address in **3b**, with postage or delivery charge prepaid.

Location of mailbox or third-party carrier: ______ ______
City State

☑ Personal hand delivery at this address:

*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

Address 115 south LaSalle Street Chicago IL 60603
*Street, Apt. #, City, State, and Zip Code*

☐ Mail to the address in **3b**, from a prison or jail: ______
*Name of Prison or Jail*

**This document will be sent on:** Date: 01-07, 2026 Time: 5:00 PM
*Month, Day, Year* *Include AM or PM*

---

☐ I am sending the document to more than 2 **people** and have completed an *Additional Proof of Delivery* form.

## SIGN

Under 735 ILCS 5/1-109, your signature means that you:

1) certify that everything in this document is true and correct, and 2) understand that making a false statement on this form is perjury and has penalties provided by law.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature /s/ Patricia L Tillman  Print Your Name Patricia L Tillman

Your Address 2291 E 56th Chicago IL 60615
Street, Apt. # City State Zip Code

Your Phone Number 312-316-1305  Attorney Number (if any) Pro Se

Your Email (if you have one) patricia-tillman@rocketmail.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

Case Number: ____________________

# WHAT'S NEXT

## NEXT STEP FOR PERSON FILLING OUT THIS FORM:

After you fill out your *Motion* and *Notice of Court Date for Motion*, file them with the Circuit Clerk's office in the county where your case is taking place. Then, send your forms to the other people in the case. Find your Circuit Clerk here: ilcourts.info/CircuitClerks.

Learn more about each step in the process and how to file in our Instructions: ilcourts.info/motion-instructions.

## NEXT STEP FOR PERSON RECEIVING THIS DOCUMENT:

For more information about responding to a case and going to court, call or text **Illinois Court Help** at 833-411-1121 or go to ilcourthelp.gov.

If there are any words or terms used in these instructions that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

# ADDITIONAL PROOF OF DELIVERY

IN THE STATE OF ILLINOIS, CIRCUIT COURT

2025 Cocl 000020
Case Number
2550E BGP 554

Use this only if you are sending your court document to more than 2 people.

## PROOF OF DELIVERY

*Fill out the information below to show how you are sending the documents listed* ***to additional people in the case.*** *If a person in the case has a lawyer,* ***you must send the documents to their lawyer.***

C. I am sending this *Proof of Delivery* and the previously listed court documents to an additional person:

Name: Kevin M. MoRPhew Sorling NoRthRup Attorneys
First / Middle / Last Name

Address: 121 W WackeR Dr Chicago IL 60601 suite 1108
Street, Apt. # / City / State / Zip Code

Email Address: KMMoRphew@SoRlinglaw.com

By: ☐ Electronically to the email address in **C**:
☒ By email *(not through an EFSP)*.
☐ Using an approved electronic filing service provider (EFSP).

☐ I or the person I am sending the document to do not have an email address. I am sending them by:
☐ Mail or third-party carrier to the address in **C**, with postage or delivery charge prepaid.
Location of mailbox or third-party carrier: ______________ ______________
City / State

☐ Personal hand delivery at this address:
*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*
Address ______________
*Street, Apt. #, City, State, and Zip Code*

☐ Mail to the address in **C**, from a prison or jail: ______________
*Name of Prison or Jail*

**This document will be sent on:** Date: 01-07-2026 Time: 5:00 pm
*Month, Day, Year* / *Include AM or PM*

D. ☒ I am not sending these documents to additional people.

**- OR -**

☐ I am sending these documents to an additional person not already listed:

Name: Hon Maureen Ward Kirby
First / Middle / Last Name

Address: 50 W Washington St Chicago IL 60602 Courtroom 1703
Street, Apt. # / City / State / Zip Code

Email Address: Maureen.wardkirby@cookcountyil.gov

By: ☒ ~~Electronically~~ to the email address in **D**:
☒ ~~By email~~ *(not through an EFSP)*.
☐ Using an approved electronic filing service provider (EFSP).

☑ I or the person I am sending the document to do not have an email address. I am sending them by:

☑ Mail or third-party carrier to the address in **D**, with postage or delivery charge prepaid.

Location of mailbox or third-party carrier: ______________________ ______________
*City* *State*

☑ Personal hand delivery at this address:

*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

Address 50 W. Washington St Chicago IL 60602 Court Room 1703
*Street, Apt. #, City, State, and Zip Code*

☐ Mail to the address in **D**, from a prison or jail: ______________________
*Name of Prison or Jail*

**This document will be sent on:** Date: 01-07-2026 Time: 5:00 PM
*Month, Day, Year* *Include AM or PM*

---

## SIGN

Under 735 ILCS 5/1-109, your signature means that you:

1) certify that everything in this document is true and correct, and 2) understand that making a false statement on this form is perjury and has penalties provided by law.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature /s/ Patricia L. Tillman Print Your Name Patricia L. Tillman

Your Address 229 E 51st Chicago IL 60615
*Street, Apt. #* *City* *State* *Zip Code*

Your Phone Number 312-316-1305 Attorney Number (if any) Pro Se

Your Email (if you have one) patricia Tillman@rocketmail.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

File this form with your *Proof of Delivery.*

FILED OR
2026 JAN -7 PM 1:51
MARIYANA T SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

# MOTION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

COUNTY: Cook
County Where You Are Filing the Case

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Patricia L. Tillman and Joseph L. Mosley Candidates For Governor and Lieutenant Governor
*Who started the case.* *First, Middle, and Last Name, or Business Name*

2025 COEL 000020
25SOEBGP554
Case Number

**DEFENDANTS/RESPONDENTS:** ~~Governor Jay Robert Pritzker~~ Illinois State Board of Election sitting as the State Officers Electoral Board and Tanya D Anderson Objector
*Who the case was filed against.* *First, Middle, and Last Name, or Business Name*

Hon. Maureen Ward Kirby
Illinois State Board of Elections Attention Assistant Attorney General Lee Stark
Kevin M. Morphew Sorling Northrup Attorneys

## 1. MOTION TITLE

*Explain in a few words what you are asking the judge to do. This should match the title you write in **1** on the Notice of Court Date for Motion.*

Motion to: Voluntarily Dismiss - Voluntary Dismissal 735 - ILCS 5/2-1009(a) with out Presudice

## 2. PERSON FILING THE MOTION

*Check one box. The Plaintiff/Petitioner is the person who started the case. The Defendants/Respondents are the people and business who the case was filed against.*

I am filing the *Motion*. I am the:

☒ Plaintiff/Petitioner ☐ Defendant/Respondent

## 3. MOTION

*Explain what you are asking the judge to do and the reasons why the judge should agree with you.*

I am asking the judge to:

I'm not asking the Judge to do anything. I Am Voluntarily Dismissing this Case Under 735 ILCS 5/2-1009(a) One Time Absolute Right.
a Plaintiff has the absolute Right to voluntarily dismiss their case one time, without needing the Judge's permission as long as: 1 The Dismissal is filed Before Trial or Hearing 2. The case has not already been Voluntarily dismissed once before. Do not have to Exhaust Remedies

☐ I need more room to explain, and I have filled out and attached an *Additional Page for Motion* form.

Case Number: 2025 COEL000020
2550EBGP 554

## SIGN

Under 735 ILCS 5/1-109, your signature means that you:
1) certify that everything in this document is true and correct, and 2) understand that making a false statement on this form is perjury and has penalties provided by law.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature /s/ Patricia L. Tillman Print Your Name Patricia L. Tillman

Your Address 229 E 51st Chicago IL 60615
Street, Apt. # City State Zip Code

Your Phone Number 312-316-1305 Attorney Number (if any) Pro Se

Your Email (if you have one) patriciatillman@rocketmail.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

## 4. PROOF OF DELIVERY

*Fill out the information below to show how you are sending this document to the other people in the case. If a person in the case has a lawyer,* ***you must send this document to their lawyer.***

a. **I am sending this document to:** Illinois State Board of Election sitting as the State Officers Electoral Board

Name: ~~Patricia L. Tillman~~
First Middle Last Name

Address: ~~229 E 51st Chicago IL 60615~~
Street, Apt. # City State Zip Code

Email Address: ~~patriciatillman@rocketmail.com~~ Petitions, Elections il.gov

By: ☑ Electronically to the email address in **4a**:
☑ By email *(not through an EFSP).*
☐ Using an approved electronic filing service provider (EFSP).

☑ Or the person I am sending the document to do not have an email address. I am sending the document by:
☑ ~~Mail or~~ third-party carrier to the address in **4a**, with postage or delivery charge prepaid.

Location of mailbox or third-party carrier: ______ ______
City State

☑ Personal hand delivery at this address:
*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

Address 69 W Washington Suite LL08 Chicago IL 60602
Street, Apt. #, City, State, and Zip Code

☐ Mail to the address in **4a**, from a prison or jail: ______
Name of Prison or Jail

**This document will be sent on:** Date: January 7, 2026 Time: 5:00 pm
Month, Day, Year Include AM or PM

Case Number: 2025 COEL000020
25S0EB GP 55Y

b. ☐ I am not sending these documents to additional people.

- OR -

☒ I am sending these documents to an additional person not listed in **4a**:

Name: Kevin M. Morphew
First Middle Last Name

Address: 121 W. Wacker Dr Chicago, IL 60601
Street, Apt. # City State Zip Code

Email Address: kmmorphew@sorlinglaw.com

By: ☒ ~~Electronically~~ to the email address in **4b**:

☒ ~~By~~ email *(not through an EFSP).*

☐ Using an approved electronic filing service provider (EFSP).

☒ ~~I or~~ the person I am sending the document to do not have an email address. I am sending the document by:

☐ ~~Mail or third~~-party carrier to the address in **4b**, with postage or delivery charge prepaid.

Location of mailbox or third-party carrier: ______________ ______________
City State

☐ Personal hand delivery at this address:

*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

Address ______________
*Street, Apt. #, City, State, and Zip Code*

☐ Mail to the address in **4b,** from a prison or jail: ______________
*Name of Prison or Jail*

**This document will be sent on:** Date: January 7, 2026 Time: 5:00 pm
*Month, Day, Year* *Include AM or PM*

---

☒ I am sending the document to more than 2 **people** and have completed an *Additional Proof of Delivery* form.

## SIGN

Under 735 ILCS 5/1-109, your signature means that you:

1) certify that everything in this document is true and correct, and 2) understand that making a false statement on this form is perjury and has penalties provided by law.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature /s/ Patricia L. Tillman Print Your Name Patricia L. Tillman

Your Address 229 E 51st Chicago IL 60615
Street, Apt. # City State Zip Code

Your Phone Number 312-316-1305 Attorney Number (if any) Pro Se

Your Email (if you have one) patriciatillman@rocketmail.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

*Case Number:* ____________________

# WHAT'S NEXT

## NEXT STEP FOR PERSON FILLING OUT THIS FORM:

If you do not already have a court date for your *Motion,* you will need to get one and file a *Notice of Court Date for Motion.* When you file your *Motion*, ask the Circuit Clerk if you have to schedule a court date or if one will be scheduled automatically. In some counties, you may get the court date when you e-file. Include the court date on your *Notice*.

After you fill out your forms, file them with the Circuit Clerk's office in the county where your case is taking place. Then, send your forms to the other people in the case. Find your Circuit Clerk: ilcourts.info/CircuitClerks.

Learn more about each step in the process and how to file in our Instructions:
ilcourts.info/motion-instructions.

## NEXT STEP FOR PERSON RECEIVING THIS DOCUMENT:

For more information about going to court including how to fill out and file forms, call or text **Illinois Court Help** at 833-411-1121 or go to ilcourthelp.gov.

If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

# ADDITIONAL PROOF OF DELIVERY

IN THE STATE OF ILLINOIS, CIRCUIT COURT

2025 Coel.000020
Case Number
255 OE BGP 554

Use this only if you are sending your court document to more than 2 people.

## PROOF OF DELIVERY

*Fill out the information below to show how you are sending the documents listed* ***to additional people in the case.*** *If a person in the case has a lawyer,* ***you must send the documents to their lawyer.***

C. I am sending this *Proof of Delivery* and the previously listed court documents to an additional person:

Name: Illinois State Board of Election Attention Lee Stark assistant Attorney General
First Middle Last Name

Address: 115 South LaSalle Street Chicago IL 60603
Street, Apt. # City State Zip Code

Email Address: Lee.Stark@ilag.gov

By: ☑ Electronically to the email address in C:
☑ By email *(not through an EFSP).*
☐ Using an approved electronic filing service provider (EFSP).

☐ I or the person I am sending the document to do not have an email address. I am sending them by:
☐ Mail or third-party carrier to the address in C, with postage or delivery charge prepaid.
Location of mailbox or third-party carrier: ____________ ____________
City State

☐ Personal hand delivery at this address:
*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*
Address ____________
Street, Apt. #, City, State, and Zip Code

☐ Mail to the address in C, from a prison or jail: ____________
Name of Prison or Jail

**This document will be sent on:** Date: 01-07-2026 Time: 5:00pm
Month, Day, Year Include AM or PM

---

D. ☑ I am not sending these documents to additional people.

**- OR -**

☐ I am sending these documents to an additional person not already listed:

Name: Hon. Maureen Ward Kirby
First Middle Last Name

Address: 50 W. Washington St Chicago IL 60602
Street, Apt. # City State Zip Code

Email Address: Maureen.WardKirby@cookcountyil.gov

By: ☑ Electronically to the email address in D:
☑ By email *(not through an EFSP).*
☐ Using an approved electronic filing service provider (EFSP).

☐ I or the person I am sending the document to do not have an email address. I am sending them by:

☒ Mail or third-party carrier to the address in **D**, with postage or delivery charge prepaid.

Location of mailbox or third-party carrier: ______________________ ____________
*City* *State*

☐ Personal hand delivery at this address:

*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

Address ______________________________________________
*Street, Apt. #, City, State, and Zip Code*

☒ Mail to the address in **D**, from a prison or jail: ______________________
*Name of Prison or Jail*

**This document will be sent on:** Date: 01-07-2026 Time: 5:00 pm
*Month, Day, Year* *Include AM or PM*

---

## SIGN

Under 735 ILCS 5/1-109, your signature means that you:

1) certify that everything in this document is true and correct, and 2) understand that making a false statement on this form is perjury and has penalties provided by law.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature /s/ ______________________ Print Your Name ______________________

Your Address ______________________________________________
*Street, Apt. #* *City* *State* *Zip Code*

Your Phone Number ______________________ Attorney Number (if any) ______________________

Your Email (if you have one) ______________________

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

File this form with your *Proof of Delivery*.

Case # 2025 CO EL 000020
25 SCEB GP 554

# ORDER ON MOTION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

**COUNTY:** COOK
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Patrick L. Tillman And Joseph L. mosley For Governor and Lieutenant Governor
*Who started the case. First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Illinois State Board of Election sitting as The State officers ~~Electoral Board~~ and Tonya D Anderson Objector
*Who the case was filed against. First, Middle, and Last Name, or Business Name*

**Case Number**

1. *Fill in the title of your Motion below. This should match the title you wrote in **1** on the Motion form.*

   **Motion to:** Voluntary Dismissal with out Prejudice

2. The *Motion* was **filed by:**

   ☑ Plaintiff/Petitioner ☐ Defendant/Respondent

3. **Date** *Motion* filed: ____________
   *Month, Day, Year*

4. **People in court** for the *Motion* hearing:

   ☑ Plaintiff/Petitioner ☑ Defendant Attorney ☑ Other: Illinois State Board of Elections sitting as the State officers Electrol Board and Tonya D Anderson Objector

   ☐ Plaintiff Attorney ☑ Defendants/Respondents

**STOP** Do **NOT** check any boxes or fill in any more blanks on this form unless the judge tells you to.

**The Court orders:**

☐ The *Motion* is **granted.**

☐ The *Motion* is **denied.**

☐ The *Motion* is **granted in part and denied in part** as follows:

____________

____________

____________

____________

☐ Additional orders:

____________

____________

____________

____________

**ENTERED:**

____________ Judge

____________ Date (Month, Day, Year)

*This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts. Forms are free at ilcourts.info/forms.*

Case Number 2025COEL000020 ~~[illegible]~~ 25SOEBGP 554

## SIGN

Under Illinois Supreme Court Rule 137, my signature means that:
1) I read the document, 2) I have been informed and believe it is true and correct, and 3) I am not filing it to cause delay or for another bad reason.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Signature /s/ Patricia R Tillman Print Name 312-316-1305

☒ I am completing this form for myself

Phone Number 312-316-1305 Email (if you have one) patriciatillman

Your Address 229 E 51st Chicago IL 60615
Street, Apt. # City State Zip Code

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

☐ **I am a lawyer completing this form on behalf of a client** (Client name): ______

Lawyer Name ______ Attorney Number ______

Lawyer Phone Number ______ Law Firm ______

Lawyer Email ______

Address ______
Street, Apt. # City State Zip Code

## PROOF (EXPLANATION) OF DELIVERY

*This tells the judge how and when you will send your documents* ***to the other people in the case*** *under Rule 11.* ***If a person in the case has a lawyer, you must send your documents to their lawyer.*** *File this form with the Circuit Clerk, but do not list the Clerk below as a person you are sending your documents to.*

**A. I am sending this *Proof of Delivery* and the following court documents:**

motion to voluntary Dismissal without Prejudice
*Name of Documents*

To: Illinois State Board of Elections Attention Lee Stark Assistant Attorney General
*Full Name or Law Firm Name*

**B. I am sending the documents:**

☒ By **email** to this email address: Lee.Stark@ilag.gov

☐ Through an approved **e-filing website (EFSP)** to this email address: ______

You **must** send documents electronically (by email or through an EFSP) if you and the person you are sending documents to have an email address. If you or the person you are sending to do not have an email address, or if you have permission from the judge, you may send documents using the options below.

☒ I am sending the documents to this address:
115 South LaSalle street Chicago IL 60603
*Street, Apt. # City State Zip Code*